492 A.2d 289

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Sol Zalel ROSEN.

Misc. (Subtitle BV) No. 17, Sept. Term, 1984.

Court of Appeals of Maryland.

Order April 22, 1985.
Opinion May 13, 1985.

Melvin Hirshman, Annapolis, Bar Counsel to Atty. Grievance Com'n of Maryland, for petitioner.

David Epstein, Washington, D.C., for respondent.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

MURPHY, Chief Judge.

## ORDER

The Respondent having been charged by the Attorney Grievance Commission, acting through Bar Counsel, with violations of the Code of Professional Responsibility; and

Judge Raymond G. Thieme, Jr. of the Circuit Court for Anne Arundel County, to whom the matter was referred pursuant to Maryland Rule BV9 b, having found that Respondent violated DR 1–101 and DR 1–102(A)(4) and (6) in making a materially false statement on a petition to take the out-of-state attorney Maryland Bar Examination and that such false statement, although not intentional, was made with such reckless indifference as to constitute "the legal equivalent of deliberate"; and

Bar Counsel having recommended disbarment as the appropriate sanction for Respondent's misconduct; and

Respondent having excepted to Judge Thieme's findings, claiming that his false answer was neither intentional nor deliberate but rather amounted to a misrepresentation resulting from the negligent misreading of questions on the petition; and

The Respondent having suggested that an appropriate sanction for his misconduct would be resignation from the Maryland Bar, pursuant to Maryland Rule BV12; and

It being required by BV12 a that an application to resign from the Maryland Bar be submitted in writing to this Court, stating the reasons therefor; and

The rule further requiring that an attorney may not resign while proceedings are pending against him involving allegations of misconduct; and

It appearing prudent to the Court in the circumstances of this case to afford Bar Counsel and the Respondent an opportunity to confer as to whether Bar Counsel would be willing to dismiss all pending charges against the Respondent upon the Respondent's filing an application with the Court to forthwith resign with prejudice from the Maryland Bar and upon payment of outstanding costs in these proceedings in the amount of One Hundred Fifty-Four and $^{00}/_{100}$ Dollars ($154.00).

It is therefore this 22nd day of April, 1985, by the Court of Appeals of Maryland,

ORDERED that no action be taken by the Court on the pending Petition for Disciplinary Action against Respondent for a period of 15 days from the date of the filing of the Order in this case; and it is further

ORDERED that Bar Counsel and Respondent advise the Court prior to the expiration of the 15-day period as to the result of the action, if any, to be taken as a result of this Order.

## ORDER

Bar Counsel and Respondent having conferred in pursuance of the Court's Order of April 22, 1985, and

The Respondent thereafter having filed an application with the Court to resign from the Bar of Maryland with prejudice, the application stating that Respondent would not reapply for admission at any time in the future, and

Bar Counsel having expressed no objection to the dismissal of the charges pending against Respondent provided the Court grant the Respondent's application to resign with prejudice from the Maryland Bar, and

The Respondent having paid the outstanding costs in these proceedings in the amount of One Hundred Fifty-Four and $^{00}/_{100}$ Dollars ($154.00);  and

The Court having found Respondent's application to resign to be in proper form, it is this 13th day of May, 1985,

ORDERED, by the Court of Appeals of Maryland, that the application of the Respondent, Sol Zalel Rosen, to resign with prejudice from the Maryland Bar be, and it is hereby, granted and it is further

ORDERED that the pending charges in the above entitled case as well as the charges in the case of *Attorney Grievance Commission of Maryland v. Sol Zalel Rosen*, Misc. Docket (Subtitle BV) No. 28, September Term, 1984 be, and they are hereby, dismissed.